NB:MRM
F.# 2016R01473

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
☆ JAN 2 8 2020 ☆
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

   - against -

DYLAN CRUZ,
     also known as "L Banga"
     and "Red Lane Banga,"
CHRISTOPHER GUDE,
     also known as "Gzz,"
RICHARD MICHEL,
     also known as "G-Light,"
     and "Gangsta Light," and
QUINCY VITAL,
     also known as "SK,"

        Defendants.

– – – – – – – – – – – – – – –X

S U P E R S E D I N G
I N D I C T M E N T    SEYBERT, J.

Cr. No.  18-664 (S-1) (JS)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(j)(1), 1951(a), 1959(a)(1), 1959(a)(3),
1959(a)(5), 1959(a)(6), 1962(c),
1962(d), 1963, 2 and 3551 et seq.)

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Racketeering Enterprise

1.    The Bloods (hereinafter the "Bloods" or the "enterprise") was a violent street gang with members located throughout Brooklyn, New York, Long Island, New York, and elsewhere.  Members and associates of the Bloods have engaged in acts of violence, including murder, attempted murder, robbery and assault, as well as other criminal activity,

including narcotics trafficking. Participation in criminal activity by a member or an associate, especially violence directed at rival gangs, increased the respect accorded to that member or associate and could result in gaining entrance to the Bloods or a promotion to a leadership position. Members of the Bloods purchased, maintained and circulated a collection of firearms for use in criminal activity. The Crips were a violent rival street gang of the Bloods with members located throughout Brooklyn, New York, Long Island, New York and elsewhere.

2.      The defendants DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," and QUINCY VITAL, also known as "SK," were members of the Bloods and the Lanes subset, or "set," of the Bloods. The defendant CHRISTOPHER GUDE, also known as "Gzz," was an associate of the Bloods.

3.      The Bloods, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The Bloods was an organized criminal group that operated in the Eastern District of New York and elsewhere.

4.      The Bloods routinely held meetings to, among other things, plan criminal activity. At meetings, members paid dues into a treasury. The treasury funds were used, among other things, to purchase firearms and ammunition and to assist members who had been arrested. Members of the Bloods sometimes signified their membership and

allegiance to the gang by wearing the color red, wearing tattoos, using phrases such as "what's poppin," and displaying special hand signals.  The Lanes, also known as the "UBL" or "L Gang," was an East Coast based set of the Bloods with numerous subsets, many of which had local chapters in Brooklyn and Long Island.  Members of the Lanes set of the Bloods sometimes signified their membership in the set by using phrases such as "solo bolo," "bolo dynasty" and "Lambo," and wearing tattoos depicting their affiliation with the Lanes. In addition to the Crips, the members of the Lanes had an ongoing rivalry with members of the 5-9 Brims set of the Bloods.

5.      The Bloods, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder and robbery, in violation of the laws of the State of New York, acts indictable under Title 18, United States Code, Section 1951(a) (robbery), and offenses involving trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

<u>Purposes of the Enterprise</u>

6.      The purposes of the enterprise included the following:

a.      Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

b.      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

c.      Keeping victims and rivals in fear of the enterprise and its members and associates.

    d.    Enriching the members and associates of the enterprise through criminal activity, including robbery and drug trafficking.

    e.    Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

Means and Methods of the Enterprise

7.    Among the means and methods by which the members of the Bloods and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

    a.    Members of the Bloods and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, kidnapping, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

    b.    Members of the Bloods and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations, rival sets of the Bloods and Bloods members who violated the enterprise's rules.

    c.    Members of the Bloods and their associates used, attempted to use and conspired to use robbery and drug trafficking as means of obtaining money.

COUNT ONE<br/>(Racketeering)

8.    The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

9.     In or about and between January 2010 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," and RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," together with others, being persons employed by and associated with the Bloods, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Conspiracy to Murder Rival Gang Members – Crips)

10.     In or about and between January 2010 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DYLAN CRUZ and RICHARD MICHEL, together with others, did knowingly and intentionally conspire to cause the death of members and associates of a rival gang, to wit: the Crips, in violation of New York Penal Law Sections 125.25(1) and 105.15.

## RACKETEERING ACT TWO
(Conspiracy to Murder Rival Gang Members – 5-9 Brims)

11.     In or about and between January 2010 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DYLAN CRUZ and RICHARD MICHEL, together with others, did knowingly and intentionally conspire to cause the death of members and

associates of a rival set of the Bloods, to wit: the 5-9 Brims, in violation of New York Penal

Law Sections 125.25(1) and 105.15.

RACKETEERING ACT THREE
(Attempted Murder of John Doe #1)

12.     On or about November 17, 2010, within the Eastern District of New

York, the defendant DYLAN CRUZ, together with others, did knowingly and intentionally

attempt to cause the death of another person, to wit: John Doe #1, an individual whose

identity is known to the Grand Jury, in violation of New York Penal Law Sections

125.25(1), 110.00 and 20.00.

RACKETEERING ACT FOUR
(Conspiracy to Commit Arson, Arson and Attempted Arson)

13.     The defendant RICHARD MICHEL, together with others, committed

the following acts, any one of which alone constitutes Racketeering Act Four:

A.     Arson Conspiracy

14.     On or about December 16, 2010, within the Eastern District of New

York, the defendant RICHARD MICHEL, together with others, did knowingly and

intentionally conspire to damage motor vehicles, to wit: a black 2007 Chrysler 300 sedan

and a red 2007 Chrysler 300 sedan, by starting a fire, in violation of New York Penal Law

Sections 150.10 and 105.10.

B.     Arson

15.     On or about December 16, 2010, within the Eastern District of New

York, the defendant RICHARD MICHEL, together with others, did knowingly and

intentionally damage a motor vehicle, to wit: a black 2007 Chrysler 300 sedan, by starting a

fire, in violation of New York Penal Law Sections 150.10(1) and 20.00.

C.     Attempted Arson

16.     On or about December 16, 2010, within the Eastern District of New York, the defendant RICHARD MICHEL, together with others, did knowingly and intentionally attempt to damage a motor vehicle, to wit: a red 2007 Chrysler 300 sedan, by starting a fire, in violation of New York Penal Law Sections 150.10(1), 110.00 and 20.00.

### RACKETEERING ACT FIVE
(Attempted Murder of John Doe #2)

17.     On or about December 18, 2010, within the Eastern District of New York, the defendant RICHARD MICHEL, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit:  John Doe #2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT SIX
(Kidnapping of John Doe #3 and Attempted Murder of John Doe #3)

18.     The defendant RICHARD MICHEL, together with others, committed the following acts, either of which alone constitutes Racketeering Act Six:

A.     Kidnapping of John Doe #3

19.     On or about October 13, 2011, within the Eastern District of New York, the defendant RICHARD MICHEL, together with others, did knowingly and intentionally abduct another person, to wit: John Doe #3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 135.20 and 20.00.

B.     Attempted Murder of John Doe #3

20.     On or about October 13, 2011, within the Eastern District of New York, the defendant RICHARD MICHEL, together with others, did knowingly and intentionally

attempt to cause the death of another person, to wit:  John Doe #3, in violation of New York

Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT SEVEN
(Kidnapping of John Doe #4)

21.    On or about October 13, 2011, within the Eastern District of New York,

the defendant RICHARD MICHEL, together with others, did knowingly and intentionally

abduct another person, to wit: John Doe #4, an individual whose identity is known to the

Grand Jury, in violation of New York Penal Law Sections 135.20 and 20.00.

### RACKETEERING ACT EIGHT
(Conspiracy to Murder Anthony Richard and Murder of Anthony Richard)

22.    The defendants DYLAN CRUZ and RICHARD MICHEL, together

with others, committed the following acts, either of which alone constitutes Racketeering Act

Eight:

A.    <u>Conspiracy to Murder Anthony Richard</u>

23.    On or about and between December 16, 2010 and July 15, 2012, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendants DYLAN CRUZ and RICHARD MICHEL, together with others,

did knowingly and intentionally conspire to cause the death of another person, to wit:

Anthony Richard, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    <u>Murder of Anthony Richard</u>

24.    On or about July 15, 2012, within the Eastern District of New York, the

defendants DYLAN CRUZ and RICHARD MICHEL, together with others, with intent to

cause the death of another person, to wit: Anthony Richard, did knowingly and intentionally

cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT NINE
### (Attempted Murder of John Doe #5)

25.    On or about July 15, 2012, within the Eastern District of New York, the

defendant DYLAN CRUZ, together with others, did knowingly and intentionally attempt to

cause the death of another person, to wit:  John Doe #5, an individual whose identity is

known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00

and 20.00.

## RACKETEERING ACT TEN
### (Attempted Murder of a Rival Gang Member – John Doe #6)

26.    On or about January 6, 2013, within the Eastern District of New York,

the defendant DYLAN CRUZ, together with others, did knowingly and intentionally attempt

to cause the death of another person, to wit:  John Doe #6, an individual whose identity is

known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00

and 20.00.

## RACKETEERING ACT ELEVEN
### (Robbery and Hobbs Act Robbery)

27.    The defendant DYLAN CRUZ, together with others, committed the

following acts, either of which alone constitutes Racketeering Act Eleven:

A.    Robbery

28.    On or about June 14, 2016, within the Eastern District of New York,

the defendant DYLAN CRUZ, together with others, did knowingly and intentionally forcibly

steal property from an employee of a car dealership in North Merrick, New York, in

violation of New York Penal Law Sections 160.05 and 20.00.

B.    Hobbs Act Robbery

29.    On or about June 14, 2016, within the Eastern District of New York and elsewhere, the defendant DYLAN CRUZ, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of property from an employee of a car dealership in North Merrick, New York, through the use of actual and threatened force, physical violence and fear of injury to such person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT TWELVE
(Conspiracy to Murder John Doe #7)

30.    On or about June 29, 2016, within the Eastern District of New York and elsewhere, the defendant RICHARD MICHEL, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: John Doe #7, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

RACKETEERING ACT THIRTEEN
(Conspiracy to Murder John Doe #8 and Attempted Murder of John Doe #8)

31.    The defendant RICHARD MICHEL, together with others, committed the following acts, either of which alone constitutes Racketeering Act Thirteen:

A.    Conspiracy to Murder John Doe #8

32.    On or about September 9, 2016, within the Eastern District of New York and elsewhere, the defendant RICHARD MICHEL, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: John

Doe #8, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

      B.      <u>Attempted Murder of John Doe #8</u>

      33.      On or about September 9, 2016, within the Eastern District of New York, the defendant RICHARD MICHEL, together with others, with intent to cause the death of another person, to wit: John Doe #8, did knowingly and intentionally attempt to cause his death, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

      (Title 18, United States Code, Sections 1962(c), 1963 and 3551 <u>et seq.</u>)

<u>COUNT TWO</u>
(Racketeering Conspiracy)

      34.      The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

      35.      In or about and between January 2010 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," and RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," together with others, being persons employed by and associated with the Bloods, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

36.     The pattern of racketeering activity through which the defendants DYLAN CRUZ and RICHARD MICHEL, together with others, agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs ten through thirty-three of Count One of this Superseding Indictment, as Racketeering Acts One through Thirteen, which are realleged and incorporated as if fully set forth in this paragraph.  It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Conspiracy to Murder and Assault Rival Gang Members with Dangerous Weapons – Crips)

37.     At all times relevant to this Superseding Indictment, the Bloods, as more fully described in paragraphs one through seven, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

38.     At all times relevant to this Superseding Indictment, the Bloods, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder and robbery, in violation of the laws of the State of New York, acts indictable under

Title 18, United States Code, Section 1951(a) (robbery), and offenses involving trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

39.     In or about and between January 2010 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," and RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder and assault with one or more dangerous weapons, to wit: one or more firearms, members and associates of a rival gang, to wit: the Crips, in violation of New York Penal Law Sections 125.25(1), 105.15, 120.05(2) and 105.05(1).

(Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6) and 3551 et seq.)

## COUNT FOUR
(Conspiracy to Murder and Assault Rival Gang Members
with Dangerous Weapons – 5-9 Brims)

40.     The allegations contained in paragraphs one through seven and thirty-seven through thirty-eight are realleged and incorporated as if fully set forth in this paragraph.

41.     In or about and between January 2010 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," and RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," together with others, for the purpose of maintaining and increasing position in the Bloods, an

enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder and assault with one or more dangerous weapons, to wit: one or more firearms, members and associates of a rival gang, to wit: the 5-9 Brims, in violation of New York Penal Law Sections 125.25(1), 105.15, 120.05(2) and 105.05(1).

(Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6) and 3551 et seq.)

## COUNT FIVE
### (Murder of Anthony Richard)

42.    The allegations contained in paragraphs one through seven and thirty-seven through thirty-eight are realleged and incorporated as if fully set forth in this paragraph.

43.    On or about July 15, 2012, within the Eastern District of New York, the defendants DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," CHRISTOPHER GUDE, also known as "Gzz," and RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Anthony Richard, in violation of New York State Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT SIX
### (Firearm Related Murder of Anthony Richard)

44.    On or about July 15, 2012, within the Eastern District of New York, the defendants DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," CHRISTOPHER GUDE, also known as "Gzz," and RICHARD MICHEL, also known as

"G-Light" and "Gangsta Light," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the knowing and intentional use of one or more firearms in connection with a crime of violence, to wit: the crime charged in Count Five, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111, in that the defendant, together with others, with malice aforethought, did unlawfully kill Anthony Richard.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT SEVEN
(Hobbs Act Robbery Conspiracy)

45.    On or about June 14, 2016, within the Eastern District of New York and elsewhere, the defendant DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of property from an employee of a car dealership in North Merrick, New York, through the use of actual and threatened force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT EIGHT
(Hobbs Act Robbery)

46.    On or about June 14, 2016, within the Eastern District of New York and elsewhere, the defendant DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," together with others, did knowingly and intentionally obstruct, delay and affect

commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of property from an employee of a car dealership in North Merrick, New York, through the use of actual and threatened force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT NINE
(Brandishing Firearms During a Crime of Violence: Hobbs Act Robbery)

47.    On or about June 14, 2016, within the Eastern District of New York, the defendant DYLAN CRUZ, also known as "L Banga" and "Red Lane Banga," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Eight, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT TEN
(Conspiracy to Murder John Doe #7)

48.    The allegations contained in paragraphs one through seven and thirty-seven through thirty-eight are realleged and incorporated as if fully set forth in this paragraph.

49.    On or about June 29, 2016, within the Eastern District of New York and elsewhere, the defendant RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," together with others, for the purpose of maintaining and increasing position in the

Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder John Doe #7, in violation of New York State Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT ELEVEN
(Conspiracy to Murder and Assault John Doe #8 with a Dangerous Weapon)

50.     The allegations contained in paragraphs one through seven and thirty-seven through thirty-eight are realleged and incorporated as if fully set forth in this paragraph.

51.     On or about September 9, 2016, within the Eastern District of New York, the defendants RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," and QUINCY VITAL, also known as "SK," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder and assault with a dangerous weapon, to wit: a firearm, John Doe #8, in violation of New York Penal Law Sections 125.25(1), 105.15, 120.05(2) and 105.05.

(Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6) and 3551 et seq.)

## COUNT TWELVE
(Attempted Murder of John Doe #8)

52.     The allegations contained in paragraphs one through seven and thirty-seven through thirty-eight are realleged and incorporated as if fully set forth in this paragraph.

53.     On or about September 9, 2016, within the Eastern District of New York, the defendants RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," and QUINCY VITAL, also known as "SK," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #8, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Assault of John Doe #8 with a Dangerous Weapon)

54.     The allegations contained in paragraphs one through seven and thirty-seven through thirty-eight are realleged and incorporated as if fully set forth in this paragraph.

55.     On or about September 9, 2016, within the Eastern District of New York, the defendants RICHARD MICHEL, also known as "G-Light" and "Gangsta Light," and QUINCY VITAL, also known as "SK," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon, to wit: a firearm, John Doe #8, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Discharging a Firearm During Crimes of Violence:
Attempted Murder and Assault with a Dangerous Weapon of John Doe #8)

56.     On or about September 9, 2016, within the Eastern District of New York, the defendants RICHARD MICHEL, also known as "G-Light" and "Gangsta Light,"

and QUINCY VITAL, also known as "SK," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twelve and Thirteen, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

A TRUE BILL

_____

FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2016R01473

FORM DBD-34

JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

### DYLAN CRUZ, ET. AL.,

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii)
924(j)(1),   1951(a), 1959(a)(1), 1959(a)(3), 1959(a)(5), 1959(a)(6),
1962(c), 1962(d), 1963, 2 and 3551 et seq.)

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day.*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail, $* _____

*Michael R. Maffei, Assistant U.S. Attorney (631) 715-7890*